THE ROBERTS LEGAL FIRM

Oliver Roberts
Oliver@TheRobertsLegalFirm.com

163 W 71st St
New York, NY
**www.therobertslegalfirm.com**

November 1, 2026

**VIA CM/ECF**

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

**Re: *Massapequa Union Free Sch. Dist. v. New York State Bd. of Regents*, No. 25-3151**
**Appellants' Response to Appellees' October 30, 2026 Letter**

Dear Ms. Wolfe:

On behalf of Appellants Massapequa Union Free School District and the Massapequa Board of Education, I respond to Appellees' October 30, 2026 letter (Dkt. 64.1). Neither decision supports affirmance.

**A. *Wantagh* does not resolve Massapequa's distinct Supremacy Clause claims.**

*Wantagh* addressed First and Fourteenth Amendment claims. Its capacity analysis applied the constitutional-proscription exception. It did not address Massapequa's preemption claims based on Title VI, § 1981, the dormant Commerce Clause, or the Indian Commerce Clause, which invoke the Supremacy Clause.

*Tweed-New Haven Airport Auth. v. Tong* holds that "a subdivision may sue its state under the Supremacy Clause." 930 F.3d 65, 73 (2d Cir. 2019). *Tong* explained that *Gomillion v. Lightfoot*, 364 U.S. 339 (1960), "put to rest" the view that subdivisions were broadly barred from suing their states. 930 F.3d at 72.

The district court concluded that Massapequa's claims "fall under the *Tong* exception." *Massapequa Union Free Sch. Dist. v. New York State Bd. of Regents*, 809 F. Supp. 3d 33, 66 (E.D.N.Y. 2025). *Wantagh* neither considered those claims nor displaced *Tong*.

Independently, Appellees forfeited their capacity objection by failing to raise it below. The district court stated: "Defendants do not challenge these claims on capacity grounds." *Id.* Capacity is generally nonjurisdictional and waived unless specifically raised. *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 936 (2d Cir. 1998).

**B. The state proceeding concerned only a limited extension request.**

The state proceeding sought Article 78 and declaratory relief from denial of an extension under 8 N.Y.C.R.R. § 123.3(b). Neither Title VI nor any claim in this federal appeal was a cause of action there.

Massapequa moved to discontinue that proceeding; the state court made no capacity or standing ruling. Denial of the extension leaves Massapequa without protection from enforcement through that proceeding, reinforcing its exposure to Part 123. Further, Massapequa intends to appeal before that deadline expires later this month, so the order is not final. Appellees identify no holding concerning Massapequa's capacity or standing to pursue these federal claims.

Respectfully submitted,

Oliver Roberts
Oliver Roberts

*Attorney for Massapequa*

cc via ECF: All counsel of record