THE ROBERTS LEGAL FIRM

Oliver Roberts
Oliver@TheRobertsLegalFirm.com

163 W 71st St
New York, NY
**www.therobertslegalfirm.com**

November 10, 2026

**VIA CM/ECF**

Catherine O'Hagan Wolfe
Clerk of Court, U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

**Re: *Massapequa Union Free Sch. Dist. v. New York State Bd. of Regents*, No. 25-3151**
**Appellants' Response to Appellees' November 9, 2026 Letter**

Dear Ms. Wolfe:

On behalf of Appellants Massapequa School District and its Board of Education ("Massapequa"), we respond to Appellees' November 9 letter (Dkt. 67).

We believe the State is engaging in gamesmanship: announcing repeal of Part 123.5 just before oral argument and now reversing course afterward without explanation. Its planned repeal supports the position that Massapequa is compelled to enforce an unconstitutional regulation that violates the First Amendment, Title VI, and other federal laws pleaded in the Second Amended Complaint, reinforcing our grounds for standing and capacity. The unexplained postponement raises concern that the State seeks to avoid the consequences of that position. The chronology is instructive.

**<u>Timeline:</u>**

| | |
|---|---|
| Nov. 14, 2025 | The District Court stated "Part 123 may have serious constitutional defects" and that Part 123.5 "may also abridge the First Amendment free speech rights of Massapequa School Board members and District employees." Order at p. 3. The court allowed plaintiff Jeanine Caramore's First Amendment claims to proceed. |
| Oct. 1, 2026 | In a separate proceeding (*Wantagh*), this Court reinstated plaintiff Anthony Greco's First Amendment challenge to Part 123.5. |
| Oct. 16, 2026 | In a letter, the State announced planned Part 123.5 repeal. |
| Nov. 4, 2026 | Oral argument was materially affected by the State's announced Part 123.5 repeal. Judge Bianco asked whether the State's planned repeal mooted the case. |
| Nov. 9, 2026 | The State now postpones Part 123.5 repeal. |

The State's repeal adjournment highlights why *Tong* Supremacy Clause capacity applies and why the State did not argue capacity below. *Tweed-New Haven Airport Auth. v. Tong,* 930 F.3d 65 (2d Cir. 2019). While the State has authority to establish its government as Judge Lynch stated during oral argument, the State may not do so in a manner that violates federal law. *Tong* opens the

courthouse doors on capacity grounds to allow political subdivisions, such as Massapequa, to challenge state laws (Part 123) that violate federal law (here, Title VI, the First Amendment, et al.). Separately, Massapequa has capacity because the "very compliance will force the corporation to violate a constitutional proscription." *In re World Trade Ctr.*, 846 F.3d 58, 63-64 (2d Cir. 2017).

Respectfully submitted,

*Oliver Roberts*
Oliver Roberts

*Attorney for Massapequa*

cc via ECF: All counsel of record